UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CHRISTOPHER GRAYLAND
BOOSE,

        Defendant.
_____/

Case No. 1:03-CR-34-01

Hon. Richard Alan Enslen

**OPINION**

This matter is before the Court on Defendant Christopher Grayland Boose's Motion to

Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. The Motion has been opposed

by Plaintiff United States of America. Oral argument is unnecessary in light of the briefing.

**BACKGROUND**

Defendant was sentenced on July 29, 2003 to a term of 121 months incarceration for

conspiracy to possess with intent to distribute and to distribute a controlled substance (cocaine) in

violation of 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(A)(ii). Defendant's Pre-Sentence Investigation

Report originally scored his total offense level at 35 and his criminal history category at I, which

resulted in a guideline range of 168 to 210 months. However, the Government made a substantial

assistance motion at the time of sentencing which reduced the total offense level by three levels (to

level 32). The 121 month sentence imposed was at the bottom of the guideline range. It also

exceeded the ten-year mandatory minimum by only one month. The Judgment of Sentence entered

on July 30, 2003. No notice of appeal was filed thereafter.

Defendant's section 2255 motion was received by the Clerk on May 20, 2005– that is, after the United States Supreme Court's holding in *United States v. Booker*, – U.S. –, 125 S. Ct. 738 (Jan. 12, 2005). The section 2255 motion is dated by Defendant as of May 13, 2005, which date is assumed to be its filing date under the rule in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988). The section 2255 motion asserts three federal issues: (1) a violation of the Sixth Amendment to the United States Constitution in that defense counsel failed to object to the imposition of mandatory sentencing enhancements; (2) a violation of the Sixth Amendment and Fifth Amendment to the United States Constitution in that defense counsel failed to object to the imposition of a two-level dangerous weapon enhancement; and (3) a violation of the Sixth Amendment in that counsel failed to appeal as directed by Defendant.

As to the third argument, Defendant says in his supporting Affidavit that he told his attorney to appeal in the courtroom on the day of sentencing. (Mot., Ex. C, ¶¶ 1 & 3.) Defendant offers no account in his Affidavit of how he discovered the failure to appeal, nor why he did not exercise diligence as to the failure to appeal.

Defendant's claims about defense counsel's failure to appeal, if true, would establish a Sixth Amendment violation under *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) and *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998). This is true even if the appeal would have been plainly meritless. *Id.*

**LEGAL STANDARDS**

The Sixth Circuit Court of Appeals' decision in *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) summarized the basic legal standards for relief under 28 U.S.C. § 2255 as follows:

> To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-638, 113 S. Ct. 1710, 1721-1722, 123 L.Ed.2d 353 (1993). To prevail on a § 2255 motion alleging non-constitutional error, the petitioner must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 471, 7 L.Ed.2d 417 (1962)).

*Id*. Technical violations of the sentencing guidelines do not warrant relief under the statute. *See Grant v. United States*, 72 F.3d 503, 505-06 (6th Cir. 1996) (holding that a guideline calculation dispute was not a "constitutional error" warranting relief under section 2255).

**LEGAL ANALYSIS**

_____Timing is important in life and none the less in the courts of law. This Court has recently denied several section 2255 motions seeking relief under *Booker* because the rule in *Booker* is not to be applied retroactively to cases which were not on appeal prior to its date of decision. *See Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. Feb. 25, 2005). What Defendant has discovered, for those not bashful of perjury, is that a successful argument in a section 2255 motion premised on the failure of defense counsel to appeal (a *Roe* argument) can circumvent the rule in *Humphress* that *Booker* is not retroactive. This is because the relief afforded as to a successful *Roe* argument is that an amended judgment is entered with a new entry date (now after the decision date in *Booker*). *See United States v. Fuller*, 332 F.3d 60, 65-66 (2nd Cir. 2003) (Judge Newman) (finding this to be the appropriate remedy for a *Roe* violation).

However, the maker of a *Roe* argument, whether perjured or not, is still subject to the one-year limitation period of 28 U.S.C. § 2255. This limitation period is tolled during the time of appeal, but when an appeal is not timely filed the limitation period begins to run on the expiration of the ten-

day limitation period under Federal Rule of Appellate Procedure 4(b)(4) for the filing of a notice of appeal. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004); *compare Clay v. United States,* 537 U.S. 522, 528-32 (2003) (discussing tolling when an appeal of right is filed and decided). This means that Defendant's one-year limitation period began to run in August 2003 and expired in early August 2004.

This Court has also considered whether to equitably toll the limitation period due to the alleged attorney misconduct and late discovery of the failure to appeal. *See Andrews v. Orr,* 851 F.2d 146, 152 (6th Cir. 1988). Equitable tolling is, however, granted sparingly under Sixth Circuit law. *See Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). The burden of establishing tolling is on the defendant. *Id.* To make such a showing, a defendant must show that: (1) he was diligently pursuing his rights; and (2) some extraordinary circumstances stood in the way of his timely compliance. *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814-15 (U.S. Apr. 27, 2005). In this case, Defendant has made no such showing and the lengthy equitable extension sought is unwarranted.

The instant case is comparable to *Dunlap v. United States,* 250 F.3d 1001 (6th Cir. 2001). In *Dunlap*, the defendant had filed premature section 2255 motions (during the pendency of his appeal) so that he had been alerted by the district court that his pending appeal was tolling his one-year limitation period. Despite such notice, after the decision on the appeal, the defendant failed to file a timely section 2255 motion. He then offered no explanation as to why he was late except for his effort to file the earlier dismissed section 2255 motions. The Sixth Circuit held that these circumstances did not warrant a two-month equitable extension:

> Considering the factors set out in *Andrews v. Orr,* we conclude that Petitioner has failed to meet his burden of proof. In the instant case, Petitioner filed two premature habeas petitions, both of which the district court dismissed without prejudice, stating that they were premature

4

because Petitioner's conviction was not final, *i.e.*, the case had not been resolved on direct appeal.  The district court therefore put Petitioner on notice that although he needed to file his petition timely, he had to wait until his direct appeal had been resolved.  Petitioner's conviction became final on January 15, 1998 . . .   Yet, Petitioner did not file his third petition for habeas corpus until April 13, 1999.  Petitioner offers no explanation for this delay, despite the district court's request that he do so.  Petitioner simply relies on the fact that he had filed two earlier premature petitions.  We do not consider Petitioner's reason compelling.

*Dunlap*, 250 F.3d at 1010.

In the instant case, as in *Dunlap*, there is no justification for the great delay in filing.  Indeed, the delay at issue here is much longer than the delay at issue in *Dunlap.*  Defendant's explanation for the delay is that counsel failed to appeal as requested.  Assuming this is true, Defendant still should have discovered the failure to appeal long before the expiration of the limitation period.

In this Circuit, the first appellant's brief is typically filed within months, not years, of the docketing of a notice of appeal even if a transcript is necessary to complete the record.  (*See* Fed. R. App. P. 31(a), R. 10(b) & R. 11; Sixth Circuit I.O.P. 31 & I.O.P 28.)  The preparation of the record in this District is expedited in that the use of the ECF system eliminates the need for the Clerk to forward items on the ECF system to the Sixth Circuit Clerk.  Under Sixth Circuit Internal Operating Procedure 28(c), the Sixth Circuit's briefing schedule in all direct criminal appeals is done on an expedited basis.  Therefore, assuming the non-compliance, Defendant should have expected to have conversations and correspondence with counsel about the appellate briefing long before the expiration of the one-year limitation period.  In the absence of any evidence about those kinds of conversations or any evidence of an elaborate ruse by counsel to fool Defendant that an appeal was ongoing, then a defendant exercising ordinary diligence concerning his appeal would have discovered within a few short months that no criminal appeal had been filed.  Ordinary diligence

5

required some verification of the appeal–which could have been accomplished by a simple telephone call or letter to the Sixth Circuit at any time within the one-year limitation period.

In this case, Defendant waited some 20 months before filing his section 2255 motion. Aside from the failure to file the appeal, he has no explanation as to why he continued to believe that a criminal appeal was pending on his behalf. He has no account or explanation as to how he "learned" that his appeal was not pending. He has simply not shown reasonable diligence to justify the lengthy equitable extension sought. *See also Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir. 2001) (holding that section 2255 movant had not exercised reasonable diligence as to his attorney's filing of his criminal appeal and did not warrant an equitable extension); *Schlueter v. Varner*, 384 F.3d 69, 76-79 (3rd Cir. 2004) (holding that habeas petitioner's request for an equitable extension of the one-year filing period was not justified by attorney misconduct where the petitioner had not exercised reasonable diligence); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (holding that lack of reasonable diligence by habeas petitioner prevented the granting of an equitable extension to him); *Brown v. United States*, 20 Fed. Appx. 373, 374 (6th Cir. Sept. 21, 2001) (holding that ineffective assistance of counsel did not warrant equitable extension of section 2255 filing period).

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), the Court must assess whether to grant the issuance of a certificate of appealability to Defendant as to the two "issues" asserted. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined). Under the statute and the United States Supreme Court's determinations in *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) and *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983), a certificate is to be issued if the resolution of the motion is debatable among reasonable

6

jurists or otherwise adequate to deserve encouragement.  Upon review of the strong procedural

reason (the limitation period) for denying relief, the Court determines that this standard is not met

as to the three issues asserted.

### **CONCLUSION**

Therefore, a Final Order shall issue denying Defendant' section 2255 Motion and denying

a certificate of appealability.

DATED in Kalamazoo, MI:
    July 21, 2005

                                         /s/ Richard Alan Enslen
                                         RICHARD ALAN ENSLEN
                                         UNITED STATES DISTRICT JUDGE